NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4034
_____

THE MICHAEL S. RULLE FAMILY DYNASTY TRUST,

Appellant

v.

AGL LIFE ASSURANCE COMPANY
_____

On appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-00231)
District Judge: Honorable Berle M. Schiller
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 14, 2011

BEFORE: SLOVITER, FUENTES, and FISHER, Circuit Judges

(Opinion Filed: August 11, 2011)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge.

The Michael S. Rulle Family Dynasty Trust ("Rulle Trust") appeals from the

District Court's Rule 12(b)(6) dismissal of its amended complaint. For the following

reasons, we will affirm.

1

## I.

We write primarily for the parties and therefore recite only the facts necessary to reach our decision. Rulle Trust filed this action as a result of losses suffered in connection with a Flexible Premium Variable Life Insurance Contract (the "Policy" or "Contract") issued by AGL Life Assurance Company ("AGL") and distributed through Phoenix Equity Planning Corporation ("Phoenix Equity"), as broker-dealer. Michael S. Rulle ("Rulle"), the named insured on the Policy, is an experienced investment banker. The terms of the Policy are governed by Alaska law.

The Policy offered Rulle Trust the opportunity to invest its premiums in either a money market account or a "fund of funds" established by AGL called American Masters Opportunity Insurance Fund, LLC, and later renamed Tremont Opportunity Fund III, L.P. ("Tremont Fund"), a Delaware Partnership managed by Tremont Partners, Inc. ("Tremont"). A document entitled the "AGL Life Assurance Company Private Placement Memorandum" ("AGL PPM") explained the details of these two options. John Hillman—the Director, President and CEO of AGL, and a licensed broker under the Financial Industry Regulatory Association ("FINRA")—solicited Rulle Trust to invest the Policy premiums in the Tremont Fund. Hillman represented to Rulle Trust that the Tremont Fund was highly diversified, and that the investor "would be as far removed from making investment decisions as possible." (App. 602). Hillman also allegedly told Rulle Trust that no more than 7% of its investment from the Policy would be placed in the hands of any single investment manager. In October 2001, Rulle Trust elected to invest all of its insurance premiums from the Policy in the Tremont Fund. Tremont

2

subsequently distributed Rulle Trust's premiums into various hedge funds, including four funds operated by Bernard Madoff. As a result, Rulle Trust became one of the many victims of Madoff's infamous Ponzi scheme when it was exposed in December 2008. When Madoff's fraud was exposed, the estimated 23% of Rulle Trust's premiums that had been invested with Madoff lost their entire value.

Rulle Trust filed suit against AGL, asserting eight claims: (1) breach of contract, (2) breach of fiduciary duty, (3) breach of the common law duty of good faith and fair dealing, (4) federal securities fraud, (5) fraud under the Alaska and Pennsylvania Securities Acts, (6) professional negligence, negligence, and gross negligence, (7) negligent misrepresentation, and (8) unjust enrichment. The District Court ultimately dismissed all eight causes of action for failure to state a claim under Rule 12(b)(6). Rulle Trust now brings this timely appeal.[1]

## II.

Rulle Trust first argues that AGL breached the terms of the Policy by improperly valuing the Tremont Fund account to include the losses from Madoff's fraud and by failing to meet its diversification expectations. Absent ambiguous language, the meaning of a contract is interpreted as a matter of law, *Keffer v. Keffer*, 852 P.2d 394, 397 (Alaska 1993), and "the plain language" controls. *Rockstad v. Erikson*, 113 P.3d 1215, 1222 (Alaska 2005). Here, the language in the Policy and AGL PPM is unambiguous and thus

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of defendant's motion to dismiss. *The U.S. Dept. of Transp., ex rel. Arnold v. CMC Eng'g*, 564 F.3d 673, 676 (3d Cir. 2009).

3

controlling. The AGL PPM explicitly states that "[t]he [P]olicy owner bears the entire investment risk for all amounts invested in the [P]olicy, including the risk of loss of principal. There is no guaranteed minimum account value." (App. 146) (emphasis omitted). The AGL PPM further provides "no guarantee of future performance and … no assurance that the Partnership will be able to achieve its investment objectives or be profitable." (App. 183) (emphasis omitted). The Policy also states that the value of Rulle Trust's account will fluctuate in accordance with the value of the investment accounts into which it was invested. (App. 77).

The District Court correctly determined that preceding language unambiguously places the "entire" risk of investing the Policy premiums in the Tremont Fund on Rulle Trust, and does not make AGL an insurer of that risk. Further, although a contract may be *rescinded* and restitution awarded under Alaska law where a material misrepresentation induced a party to enter into the contract, *Cousineau v. Walker*, 613 P.2d 608, 611-12 & n.5 (Alaska 1980), the breach of contract count of the amended complaint nowhere mentions rescission.

Further, while it is true that "[e]very contract in Alaska includes an implied covenant of good faith and fair dealing," *Smith v. Anchorage Sch. Dist.*, 240 P.3d 834, 844 (Alaska 2010), the amended complaint's allegations that this duty was breached consists entirely of its contention that AGL failed to perform in accordance with the terms of the Policy. Yet we have already affirmed the District Court's ruling that Rulle Trust fails to state a claim for breach of contract. Thus, its claim that AGL violated the duty of good faith and fair dealing must fail as well.

Rulle Trust also failed to adequately plead a federal or state securities fraud claim. "To establish liability under § 10(b) and Rule 10b-5, a private plaintiff must prove that the defendant acted with scienter, a 'mental state embracing intent to deceive, manipulate, or defraud.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193-94 (1976)). None of the allegations in the amended complaint give rise to a plausible claim that AGL's alleged statements or omissions knowingly or recklessly misled Rulle Trust under the heightened pleading standards of Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA"). *Inst. Investors Grp. v. Avaya, Inc.*, 564 F.3d 242, 252, 267 (3d Cir. 2009). Specifically, the amended complaint does not allege how or why AGL should have known or discovered that 23% of Rulle Trust's premiums would ultimately be invested with one manager *by the Tremont Fund*, a separate entity. It thus fails to specifically and plausibly allege recklessness.

As both the Alaska and Pennsylvania Securities Acts[2] have been interpreted to include similar scienter requirements as the Federal Securities Laws, Rulle Trust's state securities claims fail for the same reason. *See Leder v. Shinfeld*, 609 F.Supp.2d 386, 395 (E.D. Pa. 2009); Alaska Stat. § 45.55.010(a) (West 2010).

Rulle Trust next argues that AGL owed it a fiduciary duty or duty of care because it retained exclusive control over all aspects of Rulle Trust's invested premiums and had

---

[2] Although the question of whether Alaska or Pennsylvania law applies to the remaining state law claims was not definitively determined by the District Court, because we find the results to be the same under the law of either state, we decline to undertake a full choice of law analysis for any of these remaining claims.

the sole contact and communication with Tremont. However, we agree with the District Court that AGL did not maintain control , let alone exclusive control over Rulle Trust's premiums. Rather, Rulle Trust was clearly informed that its investment would be managed solely by Tremont, who would be entirely responsible for deciding the funds and managers with which to invest. Further, AGL did not owe Rulle Trust a duty by virtue of its status as an insurance provider, or because it gave Rulle Trust investment advice. As the District Court correctly noted, this case did not involve an insurance dispute; nor did AGL enter into or adopt the role of a broker-dealer, investment manager, or investment advisor relationship with Rulle Trust. This is especially true given Rulle's sophisticated financial background, and the large, arm's length deal that was at issue.

Finally, Rulle Trust's claim of unjust enrichment fails under both Pennsylvania and Alaska law. Although Rulle Trust argues that the alleged management fees AGL received were "improper," given the absence of plausible allegations that AGL insured Rulle Trust's risk, or had some duty with regards to Rulle Trust's investment in the Tremont Fund, we agree with the District Court that the amended complaint fails to plead anything improper that would support a plausible claim for unjust enrichment.

## III.

For the foregoing reasons, as well as the reasoning of the District Court in its thorough and persuasive written opinion, we will affirm the District Court's orders dismissing Rulle Trust's amended complaint.